# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Olivia Van Iderstine and Mitch Oberstein, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No. 2:20-cv-03888-GW-GJS<br><br>**JOINT STATUS REPORT**<br><br>Assigned to: Honorable George H. Wu |

Pursuant to the Court's direction at the November 2 hearing, Plaintiffs and Defendants hereby respectfully submit this joint status report. (Nov. 2, 2020 Hr'g Tr. at 8:10-24.)

***Defendants' Document Production***: On December 3, 2020, Defendants produced 88 documents to Plaintiffs, totaling 196 pages, as well as a privilege log covering 72 documents. For their document collection and production, Defendants identified 18 custodians. Defendants have represented that they collected more than 1 million documents, out of which they reviewed approximately 10,000 documents. Defendants have also informed Plaintiffs that, pursuant to standard company policy, the documents belonging to four of the custodians who left the company several years ago were not retained after they left; no documents were therefore produced from those particular custodians.

***Discovery Disputes***: The parties have discussed the following areas of dispute:

<u>Search Terms</u>: Defendants selected the 15 search strings utilized for their December 3 production, and shared those search strings with Plaintiffs on November 12. Plaintiffs believe that the process by which the terms were drafted was inadequate, including because Plaintiffs believe they were not given a meaningful opportunity to propose changes to the search terms, and because, at that time, Defendants were still collecting documents and so were unable to provide Plaintiffs with any "hit reports." Per Plaintiffs' request, Defendants did provide a custodian-by-custodian hit report with their December 3 production.

Defendants disagree with Plaintiffs' position; Defendants maintain that they were willing to discuss modifications to the search terms, and offered to run and review additional search strings based on searches that Plaintiffs proposed, if Plaintiffs agreed to a two-week extension of Defendants' production deadline, so that Defendants could complete this additional work. Plaintiffs did not agree to this, including because Plaintiffs did not have immediate access to a "hit report"

that Plaintiffs believe would have allowed them to provide meaningful edits to Defendants' proposed search terms, even with a two-week extension. Plaintiffs thus believed it was more efficient for Defendants to make their initial production before discussing search terms further, and believe that Defendants' production has revealed additional relevant terms that were not included in Defendants' initial proposal. Defendants disagree and believe that the 15 search strings they utilized were carefully drafted to broadly identify responsive documents.

After reviewing Defendants' production, Plaintiffs proposed 16 additional search strings on December 8 which Plaintiffs believe are necessary to address deficiencies in that production. Defendants disagree that their production was deficient. Defendants also believe that Plaintiffs' newly proposed search terms are overbroad and not reasonably calculated to locate responsive documents, and that the burden of reviewing documents resulting from these additional searches significantly outweighs the likelihood of finding responsive material. Nevertheless, Defendants have considered these supplemental search strings and the parties are continuing to discuss this issue, with a goal of concluding any such discussions by next week.

*Request for Production ("RFP") 9*: Plaintiffs' RFP 9 sought: "DOCUMENTS referring to the reasons for the June 2019 change in the TERMS OF USE whereby a 'NOTICE REGARDING ARBITRATION AND CLASS ACTION WAIVER' was added to the first page of the TERMS OF USE." Prior to June 2019, the arbitration clause in the Terms of Use appeared further down on the document. Plaintiffs believe that Defendants should be required to search for and produce responsive documents under the Court's November 2 Order because the Terms of Use are part of Defendants' websites, and thus bear on "the UX/UI design process of the websites as they affected the TOSs." (ECF No. 59 at 6.) Defendants disagree that documents relating to the "reasons for the June 2019 change" in the Terms of Use are within the scope of the Court's order, because any such documents

relate to Defendants' privileged decision-making regarding the content of the Terms of Use, *not* the "design process of the websites." Defendants have not searched for or produced documents that relate solely to "the reasons for the June 2019 change" in the Terms of Use, and that are not otherwise responsive.

*Custodians*:  Plaintiffs believe Defendants should add an additional document custodian based on entries in their privilege log:  Michael Rowles, General Counsel for Defendant Live Nation Entertainment, Inc.  The privilege log shows that Mr. Rowles was involved in discussions with Latham & Watkins, LLP about the June 2019 updates to Defendants' Terms of Use.  Plaintiffs thus believe he possesses relevant documents, and that those documents may not have been captured by other custodians, including because Mr. Rowles may have had communications on which junior employees were not copied.  Plaintiffs also believe that, to the extent Mr. Rowles' involvement in discussions about updates to the Terms of Use was limited, the burden associated with searching his custodial documents for relevant materials should be low.  To be clear, Plaintiffs are not asking at this stage that all relevant documents be produced, but any privileged documents should at least be logged.

Mr. Rowles is Live Nation's General Counsel.  Defendants will not agree to add Mr. Rowles as a custodian.  Mr. Rowles appears on only four of the 72 entries on Defendants' privilege log, and two of those entries are simply iterations of the same email chain.  Defendants maintain that nothing in the nearly 10,000 documents Defendants reviewed indicates that Mr. Rowles was responsible for or involved in the "design process of the websites as they affected the TOSs," such that he should be identified as a custodian here.  Further, Mr. Rowles has confirmed that he was not involved in these issues, other than being apprised of outside counsel's work on the occasions identified on the privilege log.  It is Defendants' position that there is no basis for Plaintiffs' request.

*Privilege Log*: Plaintiffs believe Defendants' privilege log provides insufficient detail to sustain a claim of privilege for certain entries. For example, a number of entries contain language such as "Emails to counsel requesting legal advice of counsel regarding proposed legal updates to Privacy Policy and Terms of Use notices on website." Plaintiffs believe such language is too vague to allow them to assess Defendants' claim of privilege. Defendants disagree and believe their privilege log entries are more than sufficient under governing law.

*Interrogatories*: Plaintiffs believe Defendants have failed to respond adequately to Plaintiffs' four interrogatories. For three of the interrogatories, Defendants have provided no substantive response, and have only objected to the interrogatories. Plaintiffs believe this is insufficient under the Court's November 2 Order, because the interrogatories relate "to the UX/UI design process of the websites as they affected the TOSs." (ECF No. 59 at 6.) Defendants disagree. Defendants believe that they adequately responded to Plaintiffs' Interrogatory No. 1. Defendants also believe that they properly objected to Interrogatory Nos. 2, 3, and 4, which they believe request information that is beyond the scope of the Court's Order and/or seek privileged information that is protected from discovery.

*Depositions*: Plaintiffs previously noticed four depositions: Kimberly Tobias and Shawn Moon (who provided declarations in support of Defendants' motion to compel arbitration) and Rule 30(b)(6) depositions for Ticketmaster LLC and Live Nation Entertainment, Inc. The parties have agreed to schedule a limited deposition of Ms. Tobias once the remaining document production issues (*i.e.*, search terms) are resolved, and any supplemental production is made. Defendants have objected to the two Rule 30(b) depositions and the Shawn Moon deposition. The parties have agreed to discuss deposition-related issues further once the remaining document production issues are resolved. Plaintiffs have also informed Defendants that they may request targeted depositions of a small number of other witnesses (such as UX/UI designers or individuals associated with Defendants'

"product" teams) at that time.  Defendants will consider any such request if and when Plaintiffs make it, and will not categorically object to any such depositions on the basis that they violate Federal Rule of Civil Procedure 26(d)(1), which provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by court order."  Defendants, however, reserve the right to make any other objections to such requests for deposition.

*Schedule*:  The parties are continuing to discuss supplemental search terms and other issues, and they may resolve or narrow the above-mentioned disputes.  Plaintiffs have also reserved their right to raise any additional issues that arise upon the receipt of further information from Defendants.  To the extent the parties are unable to resolve their disputes, Plaintiffs anticipate filing a motion to compel as soon as practicable.  As the parties have done in the past, the parties will jointly propose a briefing schedule for any such motion, subject to the Court's approval.

The parties believe that, subject to the Court's approval, the most efficient course of action is for the parties to complete discovery (including any related motion practice), and then submit a proposed schedule for the remainder of the briefing on Defendant's Motion to Compel arbitration.  The parties currently anticipate proposing a schedule that is keyed off of the completion of discovery, similar to the one the Court previously approved. (ECF No. 31.)  The parties will provide the Court with a further status update on January 15, 2021.

| | | |
|---|---|---|
| Dated: December 17, 2020 | | Respectfully Submitted, |

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Frederick A. Lorig*
Frederick A. Lorig (Bar No. 057645)

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: +1.213.443.3000
Facsimile: +1.213.443.3100
Email: fredlorig@quinnemanuel.com

*Attorneys for Plaintiffs Olivia Van Iderstine and Mitch Oberstein*

Dated: December 17, 2020

LATHAM & WATKINS LLP

By: */s/ Timothy L. O'Mara*
Timothy L. O'Mara

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
tim.o'mara@lw.com

*Attorneys for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc.*

## **ATTESTATION**

I am the ECF user whose identification and password are being used to file the foregoing Joint Status Report. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Adam Wolfson, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.

Dated: December 17, 2020                    /s/ *Adam Wolfson*
                                                              Adam Wolfson