LATHAM & WATKINS LLP
  Daniel M. Wall (Bar No. 102580)
   dan.wall@lw.com
  Timothy L. O'Mara (Bar No. 212731)
   tim.o'mara@lw.com
  Andrew M. Gass (Bar No. 259694)
   andrew.gass@lw.com
  Kirsten M. Ferguson (Bar No. 252781)
   kirsten.ferguson@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Mitch Oberstein, Gary Matty, and Sophie Burke, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No. 2:20-cv-03888-GW-GJS<br><br>**SUPPLEMENTAL STATEMENT IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO COMPEL ARBITRATION**<br><br>The Honorable George H. Wu<br><br>Hearing Date: May 10, 2021<br><br>Hearing Time: 8:30 a.m.<br><br>Courtroom: 9D, 9th Floor |
|---|---|

Pursuant to the Court's request, Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. submit this supplemental statement regarding "whether or not Massachusetts law differs from California law insofar as … clickwrap versus browsewrap is concerned" in the context of online transactions. *See* May 10, 2021 Hr'g Tr. at 18:22-19:3; Minutes of Hr'g, ECF No. 109.

As a preliminary matter, we note that Plaintiffs' suggestion at oral argument that Massachusetts law and California law differ on these issues is refuted by their own brief. As Plaintiffs explained in their Opposition, Massachusetts and California law are in accord regarding online contract formation, and are consistent in their analysis of clickwrap versus non-clickwrap agreements. Opp. at 16 n.20, ECF No. 92-1 (explaining that the Massachusetts Supreme Court's decision in "*Kauders* cited and applied *Wilson v. Huuuge*," 944 F.3d 1212 (9th Cir. 2019), "and is therefore consistent with the controlling law on this issue").

In any event, under Massachusetts law, an enforceable online contract exists where there was "reasonable notice of the terms and a reasonable manifestation of assent to those terms." *Kauders v. Uber Techs., Inc.*, 159 N.E.3d 1033, 1049 (Mass. 2021). The Massachusetts Supreme Court adopted this standard from a case *applying California law*, and noted that this standard "is consistent with the approach taken by other courts around the country."[1] *See id.* (citing *Ajemian v. Yahoo!, Inc.*, 987 N.E.2d 604, 612 (Mass. 2013) and *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 35 (2d Cir. 2002) (applying California law) in support of the reasonableness standard, and quoting a legal journal for the statement that this standard is consistent with the approach taken by other courts). This is the same test applied under California law. *See Dohrmann v. Intuit, Inc.*, 823 F. App'x 482, 483-84 (9th Cir. 2020) (applying California law and using reasonableness standard to determine

---

[1] Although *Kauders* applied the same legal standard used by other courts across the country, including California, that case is factually distinguishable for the reasons discussed in Defendants' reply brief. *See* Reply at 12, ECF No. 103.

whether enforceable online contract exists); *Lee v. Ticketmaster L.L.C*, 817 F. App'x 393, 394 (9th Cir. 2020) (same).

Massachusetts law's analysis of clickwrap versus non-clickwrap agreements is likewise consistent with California law. Specifically, the Massachusetts Supreme Court in *Kauders* explained that while pure clickwrap agreements provide "the clearest manifestations of assent," they are not "required." *Kauders*, 159 N.E.3d at 1050-51. In cases where pure clickwrap is not used, courts applying Massachusetts law must "carefully consider the totality of the circumstances, and assent may be inferred from other actions the users have taken." *Id.* at 1051. Courts applying California law engage in the same analysis. As the Ninth Circuit explained in *Lee v. Ticketmaster*:

> Although it is easier to find mutual assent in cases dealing with clickwrap agreements, the "validity of [a] browsewrap contract depends on whether the user has actual or constructive knowledge of a website's terms and conditions." … We are "more willing to find the requisite notice for constructive assent where the browsewrap agreement resembles a clickwrap agreement—that is, where the user is required to affirmatively acknowledge the agreement before proceeding with the use of the website." … Likewise, "where the website contains an explicit textual notice that continued use will act as a manifestation of the user's intent to be bound, courts have been more amenable to enforcing browsewrap agreements."

817 F. App'x at 394 (quoting *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1176-77 (9th Cir. 2014)); *see also Dohrmann*, 823 F. App'x at 484 (finding sufficient notice and assent despite lack of clickwrap where users were required to "affirmatively acknowledge" the agreement via a "Sign In" button and the website contained "explicit textual notice that continued use will act as a manifestation of the user's intent to be bound" (citing *Nguyen*, 763 F.3d at 1176)).

Simply put: neither Massachusetts law nor California law requires clickwrap; rather, under each state's law, courts examine the totality of the circumstances to determine whether there was sufficient notice and manifestation of assent. This Court, therefore, does not need to decide which state's law applies to Plaintiff

Burke's claims, because they "dictate the same outcome." *See Nguyen*, 763 F.3d at 1175 ("[W]e need not engage in this circular inquiry [of which state's law applies] because both California and New York law dictate the same outcome."); *Roberts v. Obelisk*, No. 18cv2898, 2019 WL 1902605, at *5 n.4 (S.D. Cal. Apr. 29, 2019) (parties disputed whether California or Massachusetts law applied, but court found "this is largely a red herring" given plaintiffs' concession "that Massachusetts and California law are essentially in accord regarding contract formation in the context of arbitration").

Dated: May 14, 2021

Respectfully Submitted,

LATHAM & WATKINS LLP

By: *Timothy L. O'Ma*
Timothy L. O'Mara

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
tim.o'mara@lw.com

*Attorneys for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc.*