QUINN EMANUEL URQUHART & SULLIVAN, LLP
Frederick A. Lorig (Bar No. 057645)
fredlorig@quinnemanuel.com
Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
William R. Sears (Bar No. 330888)
willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
(additional counsel listed on signature page)

Attorneys for Plaintiffs Mitch Oberstein, Gary Matty, and Sophie Burke, on behalf of themselves and all those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Mitch Oberstein, Gary Matty, and Sophie Burke, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | CASE NO. 2:20-cv-03888-GW-GJS<br><br>**PLAINTIFFS' SUBMISSION OF ADDITIONAL CITATIONS AS TO DIFFERENCES BETWEEN MASSACHUSETTS AND CALIFORNIA LAW REGARDING ASSENT**<br><br>The Honorable George H. Wu |

**PLAINTIFFS' SUBMISSION OF ADDITIONAL CITATIONS AS TO DIFFERENCES BETWEEN MASSACHUSETTS AND CALIFORNIA LAW REGARDING ASSENT**

Pursuant to the Court's May 10, 2021 Order (ECF No. 109), Plaintiffs hereby submit additional citations as to the differences between Massachusetts and California law on the issue of assent.[1]

*First*, California federal courts have recognized the differences between Massachusetts and California law on the issue of assent:

- *West v. Uber Techs.*, 2018 WL 5848903, at *4 (C.D. Cal. Sept. 5, 2018) ("the *Cullinane* decision[2] [to the extent applying Massachusetts law] departs dramatically . . . from the overall legal landscape regarding assent to online agreements")

- *Lee v. Postmates Inc.*, 2018 WL 4961802, at *4 (N.D. Cal. Oct. 15, 2018) (finding assent under California law, and distinguishing *Cullinane* to the extent applying Massachusetts law)

These differences have led to opposite results in cases involving the same defendant (Uber) and consumers. *Compare Kauders v. Uber Techs., Inc.*, 159 N.E.3d 1033, 1055 (Mass. 2021) (applying Massachusetts law), *and Cullinane*, 893 F.3d at 61-62 (same) *with West*, 2018 WL 5848903, at *4 (applying California law).

*Second*, under Massachusetts law as interpreted by its highest court, where no clickwrap agreement (by clicking or checking a box stating agreement to the Terms of Use) is required, a court must carefully consider the totality of the circumstances, and "it will be *difficult* for the offeror to carry its burden to show that the user assented to the terms." *Kauders*, 159 N.E.3d at 1050-51 (emphasis added).

The court in *Kauders* explained its reasoning:

> This is particularly important regarding online services, where services may be provided without requiring compensation or contractual agreements, and the users may not be sophisticated commercial actors. Without an action comparable to the solemnity of physically signing a

---

[1] Plaintiffs have argued that Massachusetts law should apply to the claims of Plaintiff Burke, to the extent California law were interpreted to be different. (Pls.' Opp'n (ECF No. 92-1) at 16 & n.20.) Defendants have not argued otherwise.

[2] *Cullinane v. Uber Techs., Inc.*, 893 F.3d 53, 61-62 (1st Cir. 2018).

written contract, for example, we are concerned that such users may not be aware of the implications of their actions where agreement to terms is not expressly required.

*Id.* (citations omitted).

Decisions applying Massachusetts law under *Kauders* have enforced only clickwrap agreements or even more express agreements:

- *Emmanuel v. Handy Techs., Inc.*, 992 F.3d 1, 8-9 (1st Cir. 2021) (clickwrap agreement where terms were displayed in part and could be viewed in full by scrolling)
- *Immediato v. Postmates, Inc.*, 2021 WL 828381, at *4 (D. Mass. Mar. 4, 2021) (clickwrap agreement where "[plaintiffs] could not complete the sign-up process to register as couriers without clicking on a link which opened the Fleet Agreement")
- *Archer v. GrubHub, Inc.*, 2021 WL 832132, at *5 (Mass. Super. Jan. 13, 2021) (executed electronic signature page that "explicitly references the Arbitration Agreement")
- *Chong v. Northeastern Univ.*, 2021 WL 1857341, at *3 (D. Mass. May 10, 2021) (clickwrap agreement, but not enforced because textual notice was ambiguous)

Plaintiffs have not found any decisions applying Massachusetts law under *Kauders* or *Ajemian v. Yahoo!, Inc.*, 987 N.E.2d 604, 611-13 (Mass. App. Ct. 2013) (first decision articulating standard for assent for online agreements under Massachusetts law), that have enforced online agreements other than clickwrap or scrollwrap agreements, or agreements where the terms of the agreement were displayed, at least in part, to users in a scroll window. *See, e.g.*, *Okereke v. Uber Techs., Inc.*, 2017 WL 6336080, at *6 (D. Mass. June 13, 2017) ("In the context of 'clickwrap' agreements, such as the one at issue here, Massachusetts courts have held that such contracts are enforceable only where the record established that the terms of the agreement were displayed, at least in part, on the user's computer

screen and the user was required to signify his or her assent by *'clicking' 'I accept.'*") (citation omitted; emphasis in original).

In contrast, under California law as applied in the tentative ruling if not modified by the Court, "courts have 'consistently enforced' arbitration clauses contained in TOUs on websites with similar designs to that of the Defendants." (Tentative Ruling (ECF No. 109) at 7 (citation omitted).)

*Third*, under Massachusetts law, the fact that Defendants used clickwrap agreements in other contexts (*i.e.*, on their other websites, for other purposes on their websites at issue, and after July 2020 on the Place Order screen of those websites), but not for the Terms of Use on the websites at issue, demonstrates lack of assent. *Kauders*, 159 N.E.3d at 1055 ("Clearly, Uber knows how to obtain clear assent to its terms.  We therefore conclude that there was no reasonable manifestation of assent here.").

In contrast, under California law as interpreted in the tentative ruling if not modified by the Court, this comparative evidence was not considered.

*Fourth*, under Massachusetts law, the fact that Defendants displayed the hyperlinks to the Terms of Use more prominently than the textual notice before the hyperlinks demonstrates lack of assent. *Kauders*, 159 N.E.3d at 1055 ("Uber claims this highlights the terms and conditions.  A reasonable alternative interpretation is that it downplays the legal significance of creating the account.").

In contrast, under California law as interpreted in the tentative ruling if not modified by the Court, this evidence is cited to support a finding of assent, instead of lack of assent.  (Tentative Ruling (ECF No. 109) at 8 (the standard opacity of the hyperlinks, in comparison to the reduced opacity of the textual notice "sometimes serves to highlight the blue links").)

| | |
|---|---|
| DATED: May 14, 2021 | Respectfully submitted, |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  /s/ *Frederick A. Lorig* |
| Warren Postman (Bar No. 33069)<br>wdp@kellerlenkner.com<br>Albert Pak (admitted *pro hac vice*)<br>albert.pak@kellerlenkner.com<br>KELLER LENKNER LLC<br>1300 I Street, N.W., Suite 400E<br>Washington, D.C. 20005<br>(202) 749-8334<br><br>Benjamin Whiting (admitted *pro hac vice*)<br>ben.whiting@kellerlenkner.com<br>KELLER LENKNER LLC<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, Illinois 60606<br>(312) 741-5220 | Frederick A. Lorig (Bar No. 057645)<br>fredlorig@quinnemanuel.com<br>Kevin Y. Teruya (Bar No. 235916)<br>kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>adamwolfson@quinnemanuel.com<br>William R. Sears (Bar No. 330888)<br>willsears@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:   (213) 443-3100<br><br>*Attorneys for Plaintiffs* Mitch Oberstein, Gary Matty, and Sophie Burke, on behalf of themselves and all those similarly situated |

4

Case No. 2:20-cv-03888-GW-GJS

PLAINTIFFS' SUBMISSION OF ADDITIONAL CITATIONS AS TO DIFFERENCES BETWEEN MASSACHUSETTS AND CALIFORNIA LAW REGARDING ASSENT